UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WASHINGTON PATRICIO ORTIZ LLAGUNO,

v.    Case No. 8:18-cr-271-T-33AAS
      8:20-cv-234-T-33AAS

UNITED STATES OF AMERICA.

_____/

**ORDER**

This matter is before the Court on Washington Patricio Ortiz Llaguno's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 83), which was filed on January 21, 2020. The United States of America responded on April 1, 2020. (Civ. Doc. # 7). Ortiz Llaguno failed to file a reply by the deadline. For the reasons that follow, the Motion is denied.

I.   **Background**

On June 5, 2018, Ortiz Llaguno was indicted for conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the United States' jurisdiction and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the United States' jurisdiction. (Crim.

Doc. # 1). Ortiz Llaguno was not arrested until June 8, 2018. (Crim. Doc. # 11).

Ortiz Llaguno pled guilty with a plea agreement to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the United States' jurisdiction, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). (Crim. Doc. ## 1, 32, 37). The plea agreement outlined that Ortiz Llaguno faced a mandatory minimum term of 10 years and up to a maximum term of life in prison. (Crim. Doc. # 32 at 2).

During his change of plea hearing, Ortiz Llaguno verified — through an interpreter — that he reviewed the charges, facts, and evidence with his counsel. (Crim. Doc. # 78 at 7-8). Ortiz Llaguno stated he was "fully satisfied" with counsel's advice and representation and verified that the plea agreement was translated from English to Spanish. (Id. at 8-9). Ortiz Llaguno understood the substantial assistance provision and that he could not challenge the United States' decision regarding a substantial assistance motion. (Id. at 11). He stated that no one forced or threatened him to plead guilty, nor did anyone promise him anything other than the terms in the plea agreement. (Id. at

12-13). The Court explained, and Ortiz Llaguno affirmed, that he faced a mandatory-minimum term of ten years in prison and up to a maximum term of life. (Id. at 14-16). Ortiz Llaguno knowingly waived his appellate rights, absent limited circumstances. (Id. at 19-20).

The factual basis of the plea agreement was reviewed during the change of plea hearing. The factual basis detailed that Ortiz Llaguno claimed Colombian nationality for the vessel, but Colombian officials could neither confirm nor deny the vessel's nationality. (Id. at 24-25). Although he denied that the Coast Guard fired any warning shots, Ortiz Llaguno agreed to all the other facts. (Id. at 25-26). The Court found Ortiz Llaguno's guilty plea to be both knowing and voluntary. (Id. at 27-28). This Court accepted Ortiz Llaguno's guilty plea and adjudicated him guilty. (Crim. Doc. # 43).

During the January 8, 2019, sentencing, the Court vacated and reimposed its adjudication of guilt to allow Ortiz Llaguno to benefit from changes to the safety-valve provision in the First Step Act. (Crim. Doc. # 75 at 11-12; Crim. Doc. # 64; Crim. Doc. # 65). The Court varied downward from the advisory guidelines and sentenced Ortiz Llaguno to 120 months' imprisonment. (Crim. Doc. # 75 at 25).

Ortiz Llaguno filed his notice of appeal on January 22, 2019. (Crim. Doc. # 70). However, he voluntarily dismissed his appeal on June 3, 2019. (Crim. Doc. # 81).

He now moves for post-conviction relief (Civ. Doc. # 1), and the Motion is ripe for review.

## II. Discussion

In his Motion, Ortiz Llaguno advances several grounds for post-conviction relief. (Civ. Doc. # 1). His Motion is timely, and his claims are cognizable. (Civ. Doc. # 7 at 5-6). Ortiz Llaguno bears the burden of proving that he is entitled to relief under Section 2255. See Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015)("[W]e note that Rivers bears the burden to prove the claims in his § 2255 motion.").

### A.  Ground One

First, Ortiz Llaguno argues that his guilty plea was not knowing and voluntary. Specifically, he writes:

> The District Court failed to determine as required by Rule 11(b)(3) that there exist[ed] a factual basis for [Ortiz Llaguno's] plea in addition to not adequately ensuring that [Ortiz Llaguno] understood the very nature of the charges as required by Rule 11(b)(1)(G). Rule 11 does not allow a Court to assume that a Movant understands the charges just because its nature has been the subject of discussion and argument by defense counsel. The Coast Guard's tacit failure to follow statutory procedures for demonstrating statelessness of the

> vessel and its subsequent destruction, prevented the government from affirmatively proving that the vessel was subject to the jurisdiction of the United States. [Ortiz Llaguno's] guilty plea is thus invalid as [Ortiz Llaguno] has not committed an offense against the United States as there is no valid basis to support [Ortiz Llaguno's] conviction.

(Civ. Doc. # 1 at 4).

Here, Ortiz Llaguno's plea colloquy satisfied all the requirements of Rule 11. Before entering a guilty plea, the Court must find a factual basis for the plea. Fed. R. Crim. P. 11(b)(3). Ortiz Llaguno claims that there is no factual basis because the Coast Guard did not demonstrate the statelessness of Ortiz Llaguno's vessel. This is essentially the same subject matter jurisdiction argument that Ortiz Llaguno puts forward in ground four.

The record belies Ortiz Llaguno's contention and shows there was a factual basis for the plea. Importantly, "[t]here is a strong presumption that statements made during the plea colloquy are true," and Ortiz Llaguno "bears a heavy burden to show that his statements under oath were false." Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007)(citation omitted). Ortiz Llaguno cannot satisfy this heavy burden.

During his change of plea hearing, Ortiz Llaguno had the factual basis from the plea agreement read to him after

5

already confirming it had been translated for him. (Crim. Doc. # 78 at 23-25). The factual basis included that Ortiz Llaguno knowingly and willingly planned to smuggle more the five kilograms of cocaine by sea. (Id. at 24). Ortiz Llaguno was stopped 158 nautical miles southeast of the Galapagos Islands. (Id.). He claimed Colombian nationality for the vessel, but Colombia neither confirmed nor denied the nationality of the vessel. (Id.). When asked if he agreed to the above relevant facts, Ortiz Llaguno stated, "Yes." (Id. at 25-26). Thus, the Court properly found there was a factual basis for Ortiz Llaguno's guilty plea.

Rule 11 also "imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea." United States v. Gandy, 710 F.3d 1234, 1240 (11th Cir. 2013)(citation omitted). The Court must address "three core concerns": "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." Id. (citation omitted). Failure to address any of these core concerns amounts to plain error. Id. A variance from the requirements of Rule 11, however, "is harmless error if it does not affect [a

6

defendant's] substantial rights." Id. A defendant who seeks reversal of his conviction after a guilty plea due to Rule 11 error, "must show a reasonability probability that, but for the error, he would not have entered the plea." Id. (citation omitted).

Given Ortiz Llaguno's statements under oath during his plea colloquy, he cannot establish that he would have proceeded to trial but for the Court's alleged errors under Rule 11. See Patel, 252 F. App'x at 975. Ortiz Llaguno was asked if anyone had threatened or coerced him, answering, "No ma'am." (Crim. Doc. # 78 at 13). Additionally, he affirmed that he was pleading guilty freely and voluntarily. (Id.). Ortiz Llaguno was then read the minimum and maximum penalties he faced by pleading guilty, as well as other potential punishments. (Id. at 14-16). Ortiz Llaguno confirmed that he understood the consequences. (Id. at 16). Ortiz Llaguno was also read the counts to which he was admitting guilt, and he confirmed he understood them. (Id. at 7-8). Thus, Ortiz Llaguno has not shown that the Court violated Rule 11 or that, if there was such an error, that he would have proceeded to trial but for that error.

Thus, Ortiz Llaguno's arguments as to ground one lack merit.

B.  **Ground Two**

Ortiz Llaguno argues his counsel was ineffective because he did not object to this Court being an allegedly improper venue. (Civ. Doc. # 1 at 5). He argues:

> The Maritime Drug Law Enforcement Act specifies that venue is proper in the District Court of the United States for the district in which a Defendant enters the United States. 46 U.S.C. § 70504(b)(1). [Ortiz Llaguno] first entered the United States in Miami, Florida and [was] then transported to the Middle District of Florida, Tampa, Florida for prosecution. At no time during the plea colloquy was [Ortiz Llaguno] advised that venue was a triable issue for a jury to determine beyond a reasonable doubt. Counsel's failure to object to the improper venue and forum shopping violates [Ortiz Llaguno's] due process rights.

(Id.).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, Ortiz Llaguno must demonstrate by a preponderance of the evidence "that particular and identified acts or omissions of counsel 'were outside the wide range of professionally competent assistance.'" Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000)(citations omitted). In other words, Ortiz Llaguno must show that "no competent counsel would have taken

the action that his counsel did take." Id. at 1315. In deciding whether an attorney's performance was deficient, courts are "highly deferential" and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (internal quotation marks omitted).

To satisfy Strickland's second prong — prejudice — Ortiz Llaguno must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component." Ortiz v. United States, No. 8:15-cr-409-T-33JSS, 2017 WL 6021645, at *2 (M.D. Fla. Jan. 11, 2017).

Importantly, for ineffective assistance of counsel claims related to guilty pleas, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show

9

that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

Ortiz Llaguno's ineffective assistance claim regarding venue fails on both prongs of the Strickland analysis. Under 46 U.S.C § 70504(b)(1), "[a defendant] shall be tried in the district in which such offense was committed." 46 U.S.C § 70504(b)(1). However, the next subsection states, "if the offense was begun or committed upon the high seas, or elsewhere outside the jurisdiction of any particular State or district, [the defendant] may be tried in any district." 46 U.S.C § 70504(b)(2).

In this case, venue is proper in "any district" because Ortiz Llaguno committed the instant offense "on the high seas" — 158 nautical miles off the Galapagos Islands when captured. (Crim. Doc. # 32 at 20). This is well beyond the twelve nautical miles generally associated with a country's territorial waters. See United States v. McPhee, 336 F.3d 1269, 1273 (11th Cir. 2003)("The United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts."). As venue lies in any district, including the Middle

District of Florida, Ortiz Llaguno's claim that venue is improper is without merit.

Counsel cannot be deemed ineffective for failing to raise a meritless claim, nor can the failure to raise a meritless claim prejudice a defense. See Card v. Dugger, 911 F.2d 1494, 1520 (11th Cir. 1990)("Counsel cannot be labeled ineffective for failing to raise issues which have no merit."); see also United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992)("[A] lawyer's failure to preserve a meritless issue plainly cannot prejudice a client."). Therefore, Ortiz Llaguno's claim for ineffective assistance of counsel for failing to object to improper venue lacks merit.

### C. Ground Three

Next, Ortiz Llaguno argues that his counsel was ineffective for failing to move to dismiss the indictment for violation of the Speedy Trial Act. (Civ. Doc. # 1 at 6). Specifically, he writes:

> The Speedy Trial Act explicitly requires that an Indictment must be returned within 30 days of arrest. Here, [Ortiz Llaguno's] indictment was returned more than 30 days after arrest[.] [C]ounsel not only failed to move to dismiss the indictment but failed to discuss this viable and cognizable defense with [Ortiz Llaguno].

(Id.).

Under the Speedy Trial Act, an indictment must be filed "within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b).

Here, Ortiz Llaguno was charged in an indictment on June 5, 2018. (Crim. Doc. # 1). Although he had been taken into custody by the Coast Guard earlier, he was not arrested until June 8, 2018. (Crim. Doc. # 11); see United States v. Kubiak, 704 F.2d 1545, 1548 & n.3 (11th Cir. 1983)(holding that defendant's initial "arrest" by the Coast Guard did not trigger the Speedy Trial Act, because the defendants "were not held to answer in federal court until they were indicted").

As Ortiz Llaguno was indicted before he was arrested, the Speedy Trial Act was not violated. Any attempt by Ortiz Llaguno's counsel to dismiss based on the Speedy Trial Act would have been meritless. Again, counsel cannot be ineffective for failing to raise a meritless claim. Card, 911 F.2d at 1520. Therefore, this claim of ineffective assistance of counsel also fails.

### D. Ground Four

Finally, Ortiz Llaguno argues that this Court lacked subject matter jurisdiction over the case and that counsel

was ineffective for not objecting to the Court's alleged lack of jurisdiction. (Civ. Doc. # 1 at 8). He writes:

> The District Court failed to make an[y] factual findings on the record in order to affirmatively satisfy itself that the Court possess[ed] subject matter jurisdiction; (ii) that at the time [Ortiz Llaguno's] vessel was apprehended and destroyed, the Coast Guard failed to comply with 46 U.S.C. § 70502(d)(1) and (iii) that the destruction [of] [Ortiz Llaguno's] vessel deprived the government of the opportunity to prove that [Ortiz Llaguno's] vessel at the time of apprehension was subject to the jurisdiction of the United States. The District Court's failure in conjunction with counsel's failure to object and bring a motion to dismiss based on the lack of subject matter jurisdiction — violated [Ortiz Llaguno's] procedural and substantive due process rights.

(Id.).

"United States district courts have original jurisdiction . . . of all offenses against the laws of the United States." 18 U.S.C. § 3231. The Maritime Drug Law Enforcement Act (MDLEA) states that if a vessel's claimed country "does not affirmatively and unequivocally assert that the vessel is of its nationality," then that vessel is one "without nationality." 46 U.S.C. § 70502(d)(1)(C). If a vessel is without nationality, it is subject to the jurisdiction of the United States. 46 U.S.C. § 70502(c)(1)(A).

Here, Ortiz Llaguno claimed that his vessel was of Colombian nationality. (Civ. Doc. # 78 at 24). The Coast Guard contacted the Colombian government which could neither confirm nor deny the nationality of the vessel. (Id.). Because Colombia did not affirmatively and unequivocally assert the vessel was of its nationality as required under the MDLEA, Ortiz Llaguno's vessel was subject to the jurisdiction of the United States. Ortiz Llaguno confirmed that these relevant facts were correct during his plea colloquy. (Id. at 24-26).

Therefore, Ortiz Llaguno's claim that this Court did not possess subject matter jurisdiction is false, and any objection by counsel would have been meritless. As stated above, a meritless objection cannot be the basis for an ineffective-assistance-of-counsel claim. Card, 911 at F.2d at 1520.

### III. Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

The Court declines to issue a certificate of appealability because Ortiz Llaguno has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Ortiz Llaguno to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See

28 U.S.C. § 1915(a)(3). Ortiz Llaguno shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Washington Patricio Ortiz Llaguno's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 83) is **DENIED.** The Clerk is directed to enter judgment for the United States of America and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of August, 2020.

_____<br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE